# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE            )
                             )
                             )
                             )
                             )
                  v.         )
                             )    **ID No. 1201018188**
                             )
CLAUDE LACOMBE               )
                             )
        Defendant.           )
                             )
                             )
                             )
                             )

## OPINION

**Submitted:** July 29, 2016
**Decided:** October 25, 2016

*Upon Defendant's Motion for Postconviction Relief,* **SUMMARILY DISMISSED.**
*Upon Defendant's Request for an Evidentiary Hearing,* **DENIED.**

Colleen Norris, Esquire, Deputy Attorney General, Department of Justice, Carvel State Building, 820 North French Street, 7th Floor, Wilmington, Delaware 19801

Natalie S. Woloshin, Esquire, 3200 Concord Pike, Wilmington, Delaware 19803

Claude LaCombe, SBI No. 552189, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977

**BRADY, J.**

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Before the Court is an Amended Motion for Postconviction Relief filed pursuant to Superior Court Criminal Rule 61 ("Rule 61") by counsel appointed to represent Claude LaCombe ("Defendant") on December 3, 2015.

On December 26, 2011, Defendant, his brother, Paul, Elijah Pressley and Christie Emmons participated in what they planned to be a robbery of two drug dealers. Defendant and Emmons waited in Emmons' car while Paul and Pressley got into the victims' car. The victims apparently did not cooperate, and Paul shot and killed them. On December 27, 2011, Defendant was arrested after a traffic stop in New Castle County, Delaware. On January 30, 2012, Defendant was indicted on two counts of Murder in the First Degree, four counts of Possession of a Firearm During the Commission of a Felony, two counts of Attempted Robbery in the First Degree, and Conspiracy in the Second Degree.[1]

On April 11, 2013 Defendant pleaded guilty to one count of Murder in the Second Degree, one count of Possession of a Firearm During the Commission of a Felony, one count of Attempted Robbery in the First degree, and one count of Conspiracy in the Second Degree. The State agreed to recommend 22 years in prison. Sentencing took place on September 17, 2013, and Defendant received a life sentence plus ten years at Level V incarceration, with decreasing levels of supervision to follow.

On October 15, 2013 Defendant filed a direct appeal of his conviction to the Delaware Supreme Court. Although procedurally defective because Defendant's conviction was not yet final, Defendant filed a *pro se* Motions for Postconviction Relief and Appointment of Counsel

---

[1] Defendant was represented jointly by two attorneys during the disposition of his case. Counsel who served as trial counsel will be referred to as trial counsel, and counsel who served as trial co-counsel, as well as appellate counsel, will be referred to as co-counsel. Both trial counsel and co-counsel worked to secure Defendant's plea deal, and both were present for the sentencing hearing.

pursuant to Superior Court Criminal Rule 61 on May 29, 2014. The Delaware Supreme Court affirmed Defendant's conviction on June 19, 2014. On November 21, 2014 the Court directed the Office of Conflict Counsel to appoint counsel for Defendant, for the purpose of representation in his Postconviction Motion.

Counsel was assigned to represent Defendant in his postconviction proceedings on March 6, 2015. Defendant's Amended Motion for Postconviction Relief was filed on December 3, 2015. On February 2, 2016 trial counsel filed his affidavit in response to Defendant's claims of ineffective assistance of counsel during the pre-trial stage and at sentencing. On March 21, 2016, co-counsel filed his affidavit in response to Defendant's claims of ineffective assistance of counsel during the pre-trial stage, at sentencing, and the appellate proceedings. On June 30, 2016, the State filed its Response. On July 29, 2016 Defendant filed his Reply. This is the Court's decision on Defendant's Motion for Postconviction Relief.

## II. PARTIES' CONTENTIONS

### A. Defendant's Motion

Counsel for Defendant attacks the conduct of both trial counsel and co-counsel, blaming his conviction, sentence, and failed appeal to the Delaware Supreme Court on their ineffective assistance.

Defendant first contends trial counsel was ineffective for failing to present mitigating evidence at the sentencing hearing. He claims trial counsel had a twenty-nine page mitigation report available to them, prepared by an expert that they hired, and yet, trial counsel's remarks at sentencing when mitigating evidence could have been presemted, amount to one page of a fifty-page sentencing transcript. Defendant contends some of the information contained in the report would have been helpful to mitigate Defendant's sentence, and there is no reasonable

explanation for trial counsel failing to present it to the Court. Defendant alleges trial counsel also was ineffective because he failed to mitigate evidence that Defendant forged a Motion for New Counsel filed by Paul LaCombe, evidence the State used in its presentation at sentencing as an arguable aggravating factor. But for trial counsel's failures, Defendant alleges he would not have received the maximum sentence.

Defendant next contends trial counsel was ineffective for failing to require the State to honor its plea agreement with Defendant. More precisely, Defendant alleges the State breached its implied covenant of good faith and fair dealing at the sentencing hearing because its presentation both in content and delivery indirectly argued for a lengthier sentence than the twenty-two years which the State had agreed to recommend.

Defendant lastly argues co-counsel was ineffective in Defendant's appeal by failing to effectively argue the Court abused its discretion when it sentenced Defendant to life in prison. Defendant contends, applying the *Crosby* factors,[2] his sentence is disproportionate and requires a case comparison to other Murder in the Second Degree cases, in order to determine a more appropriate sentence. Defendant contends co-counsel failed to adequately represent Defendant because he relied on only one case, not from Delaware, to argue that Defendant's sentence was unfair. Further, Defendant contends co-counsel failed by not presenting the Delaware Supreme Court with comparisons to other Murder in the Second Degree cases and the respective sentences

---

[2] In *Crosby v. State*, the Delaware Supreme Court enumerated a two-pronged disproportionate sentence test, providing that, "[t]o determine whether a particular sentence is prohibited, this Court must undertake "a threshold comparison of the crime committed and the sentence imposed." If such a comparison "leads to an inference of gross disproportionality," then this Court must compare [defendant]'s sentence with other similar cases to determine whether the trial court acted out of step with sentencing norms." 824 A.2d 894, 908 (Del. 2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957 (1991) (Kennedy, J., concurring in part and concurring in judgment).

imposed. If co-counsel had done so, Defendant alleges the outcome in his appeal would likely have been different.

## B. Trial Counsel's Affidavit

Counsel contends that at sentencing, the decision was made to rely upon arguing that Defendant was a young man, with a troubled childhood, who had limited involvement with the criminal justice system, rather than to submit the prepared mitigation report. Counsel reviewed a statement prepared by Defendant, and felt the combination of these efforts adequately expressed Defendant's remorse and acceptance of responsibility. Counsel also submitted a timeline to bolster the argument that Defendant had a troubled childhood. Counsel's main concern with submitting the full mitigation report was that it would have revealed an allegation by Defendant's mother that Defendant had a history of sexual violence towards his brother, Paul. Counsel contends he did not want to highlight the issue of Defendant possibly drafting a Motion to Withdraw Guilty Plea on behalf of his brother, Paul. Counsel felt bringing these issues up the hearing would have been detrimental to the sentence Defendant received. In hindsight, counsel's strategy may not have been effective, but at the time, counsel felt Defendant affirmatively expressing remorse and accepting responsibility, coupled with the favorable plea recommendation, would lead to a favorable sentence.

Counsel contends that he would have been hard pressed to ensure Defendant was sentenced to the agreed upon sentence in the plea deal. Counsel contends he did ensure the State honored the plea agreement, as the State recommended the agreed upon twenty-two years to the Court at sentencing. Counsel contends there was nothing more he could have done with regard to this complaint because the State performed as it said it would.

## C. Co-Counsel's Affidavit

Trial co-counsel also served as counsel for Defendant's direct appeal. Co-counsel denies any alleged deficiencies asserted by Defendant against himself and trial counsel. Co-counsel conferred with trial counsel about limiting some remarks at sentencing, with the understanding that the Court had sufficient information upon which to impose a favorable sentence. Specifically, co-counsel notes that the plea agreement did not require a life sentence, and affirmatively recommended twenty-two years, twenty-one years of which was mandatory. Co-counsel was satisfied with their elected course of action. At the time of sentencing, co-counsel did not find the mitigation report to be helpful, given the lengthy sentence Defendant faced.

Co-counsel contends there was no deficiency for failing to specifically enforce the plea agreement, because the State recommended exactly what was represented in the plea. Ultimately, the State and the Defense were not the sentencing authority, and co-counsel contends Defendant was aware that the sentencing range before the Court included imposition of a life sentence.

Co-counsel filed a timely direct appeal to the Delaware Supreme Court, in which co-counsel contends he essentially raised the argument that Defendant requests. Co-counsel contends case law supported the imposition of the life sentence, which was within the statutory range. At the time, counsel was aware of one other Delaware case in which a defendant was convicted of Murder in the Second Degree and received a life sentence. Co-counsel does concede, in hindsight, that he could have presented a comparison of cases in an effort to argue

Defendant's sentence was disproportionate, and, now that a case comparison has been presented, the Court should consider resentencing Defendant.

### D. State's Response

The State contends Defendant's Motion should be summarily dismissed, as the claims are barred as repetitive and previously litigated. The State argues Defendant's assertions were addressed by this Court and the Delaware Supreme Court in Defendant's past Motions for Modification of Sentence and the direct appeal of his conviction, and Defendant has merely rehashed the same arguments under the cloak of ineffective assistance of counsel. The State argues that even if the Court entertains the claims, they are without merit.

The State contends trial counsel was not deficient for failing to present the mitigation report in its entirety. Specifically, in his affidavit, trial counsel states there was damaging information that would have only bolstered the State's theory of the case, that Defendant controlled his brother Paul, which he did not want to bring to the attention of the Court. The State contends trial counsel discharged his duty to Defendant by investigating and uncovering evidence of possible mitigating value, and made a reasonable, strategic decision not to present the information at sentencing.

Next, the State contends it did not breach the plea agreement. The State did not sentence Defendant, the Court did. The State could only make a recommendation to the Court, and the State followed the terms of the agreed plea. The State cites a Delaware Supreme Court decision, as recently as this year, that reading victim impact statements and highlighting aggravating factors are allowed in the context of sentencing hearings with a plea agreement in place. Further,

7

the State contends Defendant fails to articulate how he was prejudiced by trial counsel's failure to object to the statements by the State at sentencing in any cognizable way.

The State argues the issue of whether Defendant's sentence is disproportionate was raised, evidenced by co-counsel's affidavit, and properly disposed of by the Delaware Supreme Court in Defendant's direct appeal. The State contends co-counsel's alleged failures to adequately argue Defendant's disproportionate sentence and present case comparisons did not prejudice Defendant because the Supreme Court found Defendant's sentence to be fair and appropriate, and it did not undertake an inquiry into sentences imposed in comparable cases.

## E. Defendant's Reply

Defendant contends his claims are rightfully raised in the instant motion, as he is not attacking his sentence, but rather the deficiencies of counsel at both the trial and appellate stage that resulted in his unfair sentence. Therefore, Defendant contends he has set forth "colorable claims" of constitutional violations allowing the Court to retain jurisdiction over and address each of his claims on their merit, despite the possible procedural bars. Defendant alleges there was no sound strategic explanation for trial counsel's decision to keep the mitigation report from the Court. Even if there was potentially damaging information in the report, counsel were under a duty to present all mitigating evidence.

Defendant agrees that the State was free to present victim impact statements and aggravating factors at Sentencing. However, Defendant alleges the State went above and beyond what was agreed to in the plea by presenting its speculative theory of what happened the night of the offense and Defendant's filing of a Motion to Withdraw Guilty plea in his brother's name. Defendant argues these factors were not relevant to the State's recommendation of twenty-two

8

years, and by arguing such the State was indirectly arguing its own recommendation was insufficient punishment.

Defendant contends that he was prejudiced by co-counsel's failure to present readily available case law to support the argument that Defendant's sentence was disproportionate. Defendant contends even though the Delaware Supreme Court did not undertake a case comparison, co-counsel should have nevertheless presented comparative cases to the Court. Defendant asserts that had co-counsel adequately presented these arguments, the outcome of his direct appeal would have been different.

### III. PROCEDURAL BARS

To protect the finality of criminal convictions, the Court must consider the procedural requirements for relief set out under Rule 61(i) before addressing the merits of the motion.[3] The version of the Rule in effect at the time that this Motion was filed,[4] requires the Court to reject a motion for postconviction relief if it is procedurally barred. That Rule provides that a motion is procedurally barred if the motion is untimely, repetitive, a procedural default exists, or the claim has been formerly adjudicated.[5] Rule 61(i)(1) provides that a motion for postconviction relief is time barred when it is filed more than one year after the conviction has become final or one year after a retroactively applied right has been newly recognized by the United States Supreme Court or by the Delaware Supreme Court.[6] Rule 61(i)(2) provides that a motion is waived if the defendant has already filed a Motion for Postconviction Relief and a claim is repetitive if the defendant has failed to raise it during a prior postconviction proceeding, unless "consideration of

---

[3] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[4] As the Delaware Supreme Court noted in *Collins v. State*, a Motion for Postconviction Relief is controlled by the version of Rule 61 in effect when the motion was filed and not by any former version of the rule. *Collins v. State*, 2015 WL 4717524, at *1 (Del. Aug. 6, 2015).
[5] *See* Super. Ct. Crim. R. 61(i)(1)-(4) (2013).
[6] Super. Ct. Crim. R. 61(i)(1) (2013).

9

the claim is warranted in the interest of justice."[7]  Rule 61(i)(3) bars consideration of any claim "not asserted in the proceedings leading to the conviction" unless the petitioner can show "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[8] Rule 61(i)(4) provides that any claim that has been adjudicated "in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceedings" is barred "unless reconsideration of the claim is warranted in the interest of justice."[9]

Rule 61(i)(5) provides that the procedural bars can be overcome if Defendant makes out a "colorable claim that there was a miscarriage of justice because of a constitutional violation that undermines the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[10]  The fundamental fairness exception is a narrow one.[11]  The movant must demonstrate that he has been deprived of a substantial constitutional right.[12]  A claim of ineffective counsel in violation of the Sixth Amendment to the United States Constitution, by its very nature, qualifies as such an exception. Under this exception, the defendant bears the burden of proving, *inter alia,* that he has been deprived of a "substantial constitutional right."[13]

Pursuant to Rule 61(i)(4), Defendant's claim that appellate counsel was ineffective for failing to effectively argue Defendant's sentence was disproportionate is procedurally barred because Defendant litigated the issue following conviction. Although Defendant now challenges the intensity with which appellate counsel presented this issue, the challenge presented was

---

[7] Super. Ct. Crim. R. 61(i)(2) (2013).
[8] Super. Ct. Crim. R. 61(i)(3) (2013).
[9] Super. Ct. Crim. R. 61(i)(4) (2013).
[10] *Id.*
[11] *Younger,* 580 A.2d at 555.
[12] *Id.*
[13] *State v. Wilson,* 2005 WL 3006781, at *1 (Del. Super. Nov. 8, 2005) (citing *State v. Wilmer,* 2003 LEXIS 80, at *12-13, 2003 WL 751181 (Del. Super. Mar. 12, 2003), *aff'd,* 827 A.2d 30 (Del. 2003)).

identical to the one Defendant claims should have been raised. Defendant directly attacked the proportionality of his sentence in his appeal to the Delaware Supreme Court. The Delaware Supreme Court engaged in a thorough discussion of *Crosby*, applied the test to the facts of Defendant's case, and dismissed the argument, holding,

> …these facts do not come close to creating an inference of gross disproportionality.
> The first part of the disproportionality test requires the Court to compare the crime [Defendant] committed with the sentence imposed. [Defendant] pled guilty to murder—the most heinous violent crime. Although [Defendant] did not pull the trigger, he gave the gun to his mentally ill brother, who was attempting to commit armed robbery. Two people were killed in an incident that [Defendant] planned and set in motion. There is nothing extreme, or grossly disproportionate, about sentencing a murderer to life in prison. Because the sentence does not raise an inference of gross disproportionality, the Court does not undertake the second step of the *Crosby* analysis, where the fact that [Defendant] received the same sentence as his brother would be considered.[14]

Even if the Court were to adopt Defendant's theory that co-counsel was ineffective in some way, Defendant can not show prejudice from such deficiency. The issue was fully litigated on Defendant's direct appeal and is now procedurally barred.

Contrary to the State's position, the Court finds Defendant's remaining two claims address conduct of trial counsel, and are not simply additional indirect attacks on Defendant's sentence. As no procedural bars are applicable to these claims,[15] the Court shall address the remaining contentions on their merits

## IV. DISCUSSION

### A. Applicable Law

---

[14] *Lacombe v. State*, 93 A.3d 654 (Del. 2014).

[15] The Delaware Supreme Court affirmed Defendant's conviction on June 19, 2014. Defendant's *pro se* Motion for Postconviction Relief and Appointment of Counsel was filed on May 29, 2014 during the pendency of his direct appeal to the Supreme Court. Despite this procedural flaw, the Court accepted the Motion and on November 21, 2014 granted Defendant's request for appointed counsel. Therefore, Defendant's Motion was timely filed. *See* Def.'s Mot. for Postconviction Relief, *State v. LaCombe*, No. 1201018188, Docket No. 68 (May 29, 2014).

11

Ineffective assistance of counsel claims are evaluated under the two-pronged test enumerated in *Strickland v. Washington*.[16] Under *Strickland*, in order to articulate a colorable ineffective assistance of counsel claim, the movant must demonstrate: (1) his defense counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.[17] An inmate must satisfy the proof requirements of both prongs to succeed on an ineffective assistance of counsel claim. Failure to do so on either prong will doom the claim and the Court need not address the other.[18] When evaluating the performance of trial counsel in hindsight, there is a strong presumption that counsel's representation was reasonable.[19] "Mere allegations of ineffectiveness will not suffice. A defendant must make specific allegations of actual prejudice and substantiate them."[20] As a result, the defendant may not rely on mere conclusory statements of ineffectiveness; he must plead all allegations of ineffectiveness with particularity.[21]

In this case, there is no indication that trial counsel's performance fell below an objective standard of reasonableness and, as a result, Defendant has failed to establish *Strickland's* first prong.[22] Further, Defendant has failed to establish prejudice resulting from counsel's alleged deficiency, as required by *Strickland's* second prong.[23] Therefore, Defendant's remaining two claims are rightfully dismissed.

### B. Analysis

---

[16] 446 U.S. 668, 687 (1984).

[17] *Id. See also Alston v. State*, 2015 WL 5297709, at *3 (Del. 2015).

[18] *Strickland*, 446 U.S. at 697; *See also Ploof v. State*, 75 A.3d 811, 825 (Del. 2103) (*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").

[19] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

[20] *Id.*

[21] *See Monroe v. State*, 2015 WL 1407856, at *5 (Del. 2015) (citing *Dawson v. State*, 673 A.2d, 1186, 1196 (Del. 1996).

[22] *See Strickland*, 446 U.S. at 687.

[23] *See Strickland*, 446 U.S. at 687.

*Ineffectiveness of Counsel for Failing to Investigate and Present Mitigating Evidence*

The Court finds Defendant's claim that trial counsel was ineffective because he did not share the mitigation report with the Court to be without merit. Defendant's trial counsel retained the services of a mitigation specialist in order to uncover evidence of potential mitigating value. The practice is more common in capital cases, but of potential value to Defendant. The mitigation specialist interviewed members of Defendant's family, searched through school records, and correspondence from the Department of Correction. Defendant claims that he was prejudiced at sentencing because trial counsel chose not to present the detailed report created by the mitigation specialist.

Relying on trial counsel's affidavit, there was information contained within the report which could have strengthened the idea that Defendant was manipulative of his younger brother Paul, placing more culpability on Defendant.[24] Therefore, trial counsel's decision to not enter the report was objectively reasonable. Further, it is inherent from the Court's remarks at sentencing that the information trial counsel was reluctant to share with the Court would have further bolstered the Court's view of the Defendant's role in the incident.[25] At sentencing, the Court described the pertinent aggravating factors and departed from the State's recommendation.[26] Specifically, the Court noted Defendant's, "motivation, intent, planning," and the Court also viewed, "[Defendant's] role,[27] candidly, as being fairly equal in different respects to that of [Defendant's] brother."[28]

---

[24] *See* Attorney's Affidavit in Response to Defendant's Motion for Postconviction Relief, Docket No. 87 (Feb. 3, 2016).

[25] *See State v. LaCombe*, No. 1201018188, Sentencing Transcript, Docket No. 53, at *50 (Sept. 17, 2013) ("But I see your role, candidly, as being fairly equal in different respects to that of your brother...").

[26] *See State v. LaCombe*, No. 1201018188, Sentencing Transcript, Docket No. 53, at *48-52 (Sept. 17, 2013).

[27] Defendant's brother received a life sentence for his role in the incident.

[28] *Id.*

In a case such as this one, counsel has a duty, which was discharged here, to work with the client to make reasonable arguments for a merciful sentence. Trial counsel investigated possible mitigating evidence, negotiated a fair plea agreement, and argued for the Court to impose the agreed upon sentence. Trial counsel specifically argued that Defendant was a young man, had a troubled childhood, and had limited involvement with the criminal justice system.[29] Trial counsel assisted Defendant in preparing a statement for Defendant to present to the Court at sentencing.[30] Trial counsel argued the Defendant expressed remorse and acceptance of responsibility.[31] Although Defendant faced a possible life sentence, trial co-counsel presented what they thought to be sufficient argument against the imposition of such a sentence.[32]

Further, the Court finds Defendant's sentence to remain appropriate, and no degree of mitigating evidence, as represented by Defendant's current counsel, would have changed the outcome of Defendant's sentence. Therefore, Defendant's claim for ineffectiveness of counsel for failing to present mitigating evidence is without merit as trial counsel's performance was not deficient, and even if it was, Defendant was not prejudiced in any way.

### Ineffectiveness of Counsel for Failing to Specifically Enforce Terms of Plea Agreement

Defendant's contention that the State breached this agreement by indirectly arguing at sentencing that Defendant deserved a harsher sentence than was agreed upon is without merit. The State's presentation was within the scope of appropriate comment during sentencing proceedings, and further, the Court was in no way obligated to impose the State's recommendation.

---

[29] *See* Attorney's Affidavit in Response to Defendant's Motion for Postconviction Relief, Docket No. 87 (Feb. 3, 2016).
[30] *Id.*
[31] *Id.*
[32] *Id.*

In Delaware, agreements between a defendant and the State are governed by contract principles. Included in those general contract principles is the implied covenant of good faith and fair dealing.[33] That covenant requires a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to a contract from receiving the fruits of the bargain.[34]

In this case, the State did not breach its agreement with Defendant. In fact, the State performed exactly as the terms of the plea agreement stated. The State recommended the agreed upon sentence of twenty-two years. Where a plea agreement exists, the State is entitled, as it did in this case, to support its plea agreement with the presentence investigation and other factors relevant to the reasonableness of the sentence recommendation.[35] The State appropriately presented victim impact statements and brought aggravating factors to the attention of the Court. What the State presented in this case did not even rise to the level of the State's action in *Jones v. State*, where Justice Holland stated, "[a]lthough some of the State's comments at sentencing were speculative and more restraint might have been shown ... we find that the State's comments failed to rise to the level of subverting the integrity of the plea bargaining process."[36] Trial counsel, therefore, could not have been deficient for failing to seek the specific performance of the plea agreement.

Even if the State did breach its agreement with Defendant, there was no prejudice from trial counsel's failure to argue for the specific enforcement of the plea agreement. The State's

---

[33] *Cole v. State*, 922 A.2d 354, 359 (Del. Supr. 2005) (citing *Scarborough v. State*, 945 A.2d 1103 (Del.2008) ("*Scarborough II*")).
[34] *Id.*
[35] *See Jones v. State*, Case No. 561, 2015 (Del. June 22, 2016) (courts.del.gov/opinions).
[36] *Id.* The Delaware Supreme Court found no plain error when evaluating whether the State breached its plea agreement with the defendant, when prosecution stated during sentencing hearing presentation, "[w]ho knows if [eight years] will be enough for him to do anything different but maybe it would be a start."

15

recommendation does not bind the Superior Court.[37] The Court was free to exercise its discretion in sentencing Defendant within the statutory limits. When accepting the plea agreement, Defendant knew he faced exposure of up to life imprisonment for his offenses. Accordingly, Defendant was not prejudiced by any possible deficiency of trial counsel, because the Court, at its discretion, deviated from the State's recommendation.

Although not procedurally barred, after examining Defendant's claims and the parties' submissions, it plainly appears that Defendant's claims do not entitle Defendant to any form of relief.[38]

## V. CONCLUSION

For the reasons stated above, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED**, and request for an evidentiary hearing **DENIED**.

**IT IS SO ORDERED.**

**M. Jane Brady**
Superior Court Judge

---

[37] *See Whitaker v. State*, 11 A.3d 228 (Del. 2011).
[38] *See* Super. Ct. Crim. R. 61(d)(4).

16